COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WALTER BAUMANN, an individual, | Case Number: |
| Plaintiff, | |
| vs. | |
| CHECKR, INC., a foreign corporation, | |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

NOW COMES the plaintiff, WALTER BAUMANN, by and through his attorneys, COGBURN LAW and for his complaint against CHECKR, INC., the plaintiff states as follows:

**I.   PRELIMINARY STATEMENT**

1.   This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

**II.   JURISDICTION & VENUE**

2.   Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. WALTER BAUMANN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Las Vegas, County of Clark, State of Nevada.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CHECKR, INC., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is incorporated in the State of Delaware.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal history and driving record.

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. For approximately four (4) years prior to March 30, 2021 Plaintiff had been consistently and without interruption working as a driver for UBER.

18. Defendant conducts routine, yearly background checks on its employees.

19. As part of its routine background check on its current employees, UBER requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20. On or about March 30, 2021, Defendant prepared and sold a consumer report to UBER, purportedly regarding the character and general reputation of Plaintiff.

21. The aforementioned consumer report contained public record information that indicated that Plaintiff had restrictions on the operation of motor vehicles including daylight driving only, no passengers, and no freeway driving.

22. In actuality, Plaintiff has no driving restrictions when it comes to a motor vehicle. Plaintiff has been learning the operation of a motorcycle, and the stated restrictions are for the operation of a motorcycle.

23. Nonetheless, Defendant has reported these restrictions apply to Plaintiff's regular driving record.

24. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

25. The inaccurate information of which Plaintiff complains is putative driving restrictions for the operation of a motor vehicle.

26. Plaintiff has never had any restrictions for operating a motor vehicle that appeared in the background report prepared by Defendant.

27. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including UBER.

28. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

29. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

30. As of the result of the inaccurate information reported by Defendant to UBER, Plaintiff was removed from the Uber driver's platform, and barred from continued employment from UBER.

31. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information regarding restrictions Plaintiff has for his learning how to operate a motorcycle, when such restrictions are entirely irrelevant to the job he had with UBER.

32. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to UBER and other unknown third parties.

33. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

34. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

35. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

   b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

   c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

36. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and

punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WALTER BAUMANN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

1. All actual compensatory damages suffered;
2. Statutory damages of $1,000.00;
3. Punitive damages;
4. Plaintiff's attorneys' fees and costs; and,
5. Any other relief deemed appropriate by this Honorable Court.

Dated this 16th day of August, 2021.

COGBURN LAW

By:    */s/Erik W. Fox*
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*